IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **TEXAS PRIME MOTORS, INC.** § | |
| *Plaintiffs,* § | |
| § | |
| v. § | C.A. No. _____ |
| § | |
| **CAR FAX, INC.** § | |
| *Defendant.* | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Texas Prime Motors, Inc. hereby files this, his Original Complaint complaining of and against Defendant Car Fax, Inc. In support of its Complaint, Plaintiff would respectfully show the Court as follows:

### A. PARTIES

1. Plaintiff Texas Prime Motors, Inc. is a corporation organized under the laws of the State of Texas.

2. Defendant Car Fax, Inc. is a corporation organized under the laws of the state of Pennsylvania and may be served through its registered agent Corporation Service Company d/b/a CSC- Lawyers, Inc. at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

### B. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(2). The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

4. Venue is proper in the Southern District of Texas, Houston Division under diversity of citizenship.

## C. FACTUAL BACKGROUND

5. Plaintiff is the second record title owner of a black Mercedes SUV with a Vehicle Identification Number (VIN) 4JGED6EB4KA146496.

6. Defendant is a company that collects, logs and maintains records on various vehicles throughout the United States. Defendant claims that their information is accurate and even offers to purchase a customer's vehicle if the information turns out to be incorrect.

7. Plaintiff purchased this vehicle at an auction. At time of purchase, the Plaintiff requested a Carfax report from the Defendant which showed that the vehicle was maintained perfectly without any exterior damage.

8. After purchasing this vehicle, Plaintiff has been the only owner of this vehicle and has only taken it to the dealer in Sugar Land, Texas for maintenance. The vehicle has never been involved in an accident nor had any body work completed on the vehicle.

9. Plaintiff listed the vehicle for sale at his dealership and a potential buyer requested the VIN. The buyer informed Plaintiff that he would not purchase the vehicle because the Carfax report stated the vehicle had body damage on nearly all sides of the vehicle.

10. Plaintiff has been the only owner of the vehicle since it was acquired and the vehicle has never been involved in an accident despite the reported claim.

11. Plaintiff reached out to Defendant in an effort to resolve the claim but Defendant refuses to provide any information regarding this alleged claim against the vehicle.

12. Defendant refuses to state who filed the claim, what evidence they have that the vehicle was involved in any accident or how the damage occurred and details surrounding the claim.

13. Defendant alleges their "sources" are confidential and they cannot reveal the "source" information.

14. Plaintiff is currently losing significant money daily as it has been holding onto this vehicle for quite sometime and cannot sell it due to the inaccuracies in the Defendant's documentation surrounding the vehicle.

## D. CAUSES OF ACTION

### *i. Misrepresentation*

15. Plaintiff incorporates paragraphs 1-14 as if set forth in full.

16. Defendant is misrepresenting the condition, value and history of Plaintiff's vehicle without any regard for the truth.

17. Defendant has misrepresented key facts about Plaintiff's vehicle to the general public despite the fact that Plaintiff has stated very clearly the information is false and provided documentation to support is position.

18. Defendant made the representation with the intention that third parties would rely on the information without seeking evidence or proof of its authenticity.

19. Defendants' representations are causing the Plaintiff damages as it is unable to sell the vehicle due to the misrepresentations published on their website and in their reports.

### *ii. Negligent Misrepresentation*

20. Plaintiff incorporates paragraphs 1 to 19 as if set forth in full.

21. Defendant Carfax negligently represented that the vehicle has previously been involved in a collision when Plaintiff provided information to the contrary.

22. This misrepresentation made the car less valuable to any potential purchasers and has diminished the value of the vehicle.

23. Plaintiff attempted to work with the Defendant in hopes of removing the alleged claim on the Carfax report, but the Defendant refuses to cooperate.

24. In addition, Plaintiff has all service records for the vehicle and there is no record of the vehicle ever being in a collision.

25. Based on these misrepresentations made by Carfax the Plaintiff is unable to sell the car for what the car is valued at and is required to hold onto the vehicle while it continues to lose money every day.

### *iii. Fraud*

26. Plaintiff incorporates paragraphs 1 to 25 as if set forth in full.

27. Defendant misrepresented that the vehicle was involved in a collision which is a false and reckless claim.

28. The Defendant does not have any information or support for the alleged claim that the vehicle was involved in an accident.

29. Plaintiff provided ample evidence refuting the Defendants claim even providing evidence of the lack of support for their alleged claim but the Defendant's counsel ignored the undersigned despite alleging they were researching the claim.

30. Defendant is aware that the information is likely false but continues to report the inaccurate information on its publicly available reports.

31. Defendants reports are causing the Plaintiff significant injury.

### E. CONDITIONS PRECEDENT

32. All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

### JURY DEMAND

33. Plaintiff hereby requests a trial by jury in this case and will be submitting the jury fee.

### PRAYER

34. For these reasons, Plaintiff asks that this Court award Plaintiff judgment against Defendant for the following:

   a) Actual damages;

b) Treble damages as allowed under the Texas Deceptive Trade Practices Act;

c) Post judgment interest;

d) Court costs;

e) Attorney fees; and

f) All relief to which Plaintiff is entitled

Respectfully submitted,

  /s/   Keval Patel
 Keval Patel
 State Bar No. 24052895 Federal Bar No. 1064466
 19855 Southwest Freeway, Suite 330
 Sugar Land, Texas 77478
 (281) 313-5300 Telephone
 (281) 313-5305 Facsimile

**ATTORNEY FOR PLAINTIF**

Case 4:21-cv-01947   Document 1   Filed on 06/15/21 in TXSD   Page 7 of 7